UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.                                               Case No. 8:26-cv-16-TPB-AAS

MILES CHRISTIAN-HART, et al.,

    Defendants.

_____/

## ORDER REMANDING CASE

This matter is before the Court *sua sponte* on Defendant Miles Christian-Hart's notice of removal. (Doc. 1). After reviewing the notice of removal, court file, and the record, the Court finds as follows:

The present case stems from a mortgage foreclosure action filed by Plaintiff Wells Fargo Bank, N.A. on November 30, 2010, in the Twelfth Judicial Circuit in and for Sarasota County, Florida. Thereafter, a final judgment of mortgage foreclosure was entered against Defendant Miles Christian-Hart on April 7, 2015. Defendant sought several appeals of the judgment, but the Second District Court of Appeal affirmed in 2019 and 2021, respectively. Based on a review of the public records, it appears that a foreclosure sale has been scheduled for February 16, 2026.

On December 4, 2024, Defendant previously attempted to remove the case from state court. In the notice of removal, Defendant contended that federal question jurisdiction is proper under 28 U.S.C. § 1331 because the state court complaint alleges that Defendant's conduct "is in violation of the laws and

Constitution of the United States," and because "the mortgage involved asserts compliance with federal laws, regulations, and statutes." As the Court explained in its prior written Order, this matter does not belong in federal court. *See Wells Fargo Bank, N.A. v. Miles Christian-Hart*, No. 8:24-cv-2807 (M.D. Fla. 2024), Doc.4.

Defendant has attempted to remove this case again.[1] *See* (Doc. 1). For the benefit of the *pro se* defendant, the Court will explain its reasoning once more.

Under 28 U.S.C § 1331, district courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Here, Plaintiff brought a verified mortgage foreclosure action in state court pursuant to state law. The complaint does not assert a cause of action under the United States Constitution or any federal statute, nor does Plaintiff's right to foreclose depend on the resolution of any federal issue. *See Smith*, 236 F.3d at 1310 ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief

---

[1] To the extent that Defendant bases his removal on diversity jurisdiction, such removal would be barred by 28 U.S.C. § 1446(c). *See* 28 U.S.C. § 1446(c) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."). The state action was commenced on November 30, 2010 – over fifteen years ago.

necessarily depends on resolution of a substantial question of federal law") (internal quotations omitted).

Further, the Eleventh Circuit has clarified that, in the context of foreclosure proceedings, if a party has exhausted its opportunities for relief in state court, "either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment[,] . . . removal itself may be improper." *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 628 (11th Cir. 2019) (quoting *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198-99 (11th Cir. 1991)).  In *Aurora*, the Eleventh Circuit found that where a defendant in a foreclosure action attempts "to remove the foreclosure action [after] final judgment, there [is] no state-court action pending at the time to remove, inasmuch as nothing remain[s] for the state courts to do but execute the judgment." *Id.* (citing *Oviedo v. Hallbauer*, 655 F.3d 419, 425 (5th Cir. 2011)).  Defendant's notice of removal here is a transparent attempt to stymy the execution of a valid, final judgment in state court.  As a result, this Court lacks subject matter jurisdiction.  This case is therefore remanded – ***AGAIN*** – to the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida.

**Defendant is warned that if he continues to remove non-removable cases, or if he files frivolous cases here or in any other courts, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the Clerk to**

**not accept future filings by Defendant without first obtaining prior leave of the Court.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This action is **REMANDED** to the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida, due to lack of subject matter jurisdiction.

2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of January, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE